**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KING'S COLLEGE, REV. THOMAS J. O'HARA, and ROBERT McGONIGLE <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS INSURANCE COMPANY, a/k/a THE TRAVELERS INDEMNITY COMPANY, a/k/a TRAVELERS PROPERTY CASUALTY COMPANIES, a/k/a THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Defendant. | : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Named defendant Travelers Insurance Company, a/k/a The Travelers Indemnity Company, a/k/a Travelers Property Casualty Companies, a/k/a The Charter Oak Fire Insurance Company (hereinafter collectively referred to as "Travelers"), hereby gives notice to this Honorable Court and to Plaintiffs King's College, Rev. Thomas J. O'Hara, and Robert McGongile ("Plaintiffs") of the removal of Plaintiffs' action from the Court of Common Pleas of Luzerne County,

Pennsylvania to the United States District Court for the Middle District of Pennsylvania.  In support of removal, Travelers states as follows:

1.      On August 18, 2020, Plaintiffs filed a Complaint ("Complaint") against Travelers in the Court of Common Pleas of Luzerne County, Pennsylvania. See Complaint attached as Exhibit 1 hereto.

2.      The Complaint alleges that Travelers improperly disclaimed the obligation to continue defending Plaintiffs, and coverage, under a policy of insurance issued by defendant The Charter Oak Fire Insurance Company to Northeast Pennsylvania Education Risk Management Group, Inc. for claims pending in this Court in an action captioned *Rittenhouse Entertainment, Inc. et al. v. City of Wilkes-Barre, et al.*, Civil Action 3:11-cv-00617-JWP ("Rittenhouse Action") after the Court of Appeals for the Third Circuit reversed the dismissal of the action and remanded for further proceedings in *Rittenhouse Entertainment, Inc. et al. v. City of Wilkes-Barr, et al.*, 782 Fed. Appx. 148 (3d Cir. 2019). Complaint ¶¶ 4, 6, 7, 13, 14 and 20.

## I.      THIS COURT HAS ORIGINAL JURISDICTION

3.      Pursuant to 28 U.S.C. § 1441, cases over which federal district courts have original jurisdiction may be removed by the defendant to the federal district court embracing the place where such action is pending. This Court has original

jurisdiction over lawsuits in which (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Both conditions for original jurisdiction are met here.

**A.    <u>The Parties to this action are citizens of different states.</u>**

4.    The parties to this action, Plaintiffs and Travelers, are diverse because they are citizens of different states.  28 U.S.C. § 1332(a)(1).

5.    Plaintiff King's College is incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business at 133 North River Street, Wilkes Barre, Pennsylvania, 18711, and therefore is a citizen of Pennsylvania.  Complaint ¶1 and Exhibit 4, at ¶ 14.

6.    On information and belief, Plaintiff O'Hara, alleged to be President of King's College at all times relevant, and Plaintiff McGonigle, alleged to be Associate Vice President for Student Affairs and Dean of Students at King's College at all times relevant (Complaint, Exhibit 4 at ¶¶ 15, 16), reside in Luzerne County, Pennsylvania, and therefore are citizens of Pennsylvania.

7.    The Complaint provides four names for a singular defendant, each name alleged to be "also known as" the other names. Paragraph 2 of the Complaint refers to the defendant as "a corporate entity" "with a principal place of business located at 1 Tower Square, Hartford CT 06183." The Charter Oak Fire Insurance

Company, alleged to have issued the insurance policy at issue (Complaint at ¶4), is a Connecticut corporation with a principal place of business in Hartford, Connecticut, therefore making it a citizen of Connecticut. "The Travelers Indemnity Company," another "a/k/a" name given for defendant, is a Connecticut corporation with a principal place of business in Hartford, Connecticut, therefore making it a citizen of Connecticut. There is no existing corporate entity named "Travelers Property Casualty Companies;" Travelers Property Casualty Corp. is a Connecticut corporation with a principal place of business in Hartford, Connecticut, therefore making it a citizen of Connecticut. Finally, there is no existing corporate entity named "Travelers Insurance Company," another alleged "a/k/a" of the singular Travelers defendant.

### B.   The amount in controversy exceeds $75,000.

8.    The Complaint establishes that the amount in controversy exceeds $75,000.

9.    To determine whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the Court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 (3d Cir. 2016) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.

1993)).  A lawsuit "will be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount" of $75,000.  *Hook v. Progressive Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 68985, at *5 (M.D. Pa. Aug. 18, 2008) (following *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004)); *see also Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) (citing *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)) ("[A] case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000.  The rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $75,000 – a substantially different standard.").

10.    In an action involving a declaratory judgment, "the amount in controversy is determined by 'the value of the object of the litigation.'" *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (quoting *Hunt v. Was. Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997)); *Carnathan v. Ohio Nat. Life Ins. Co.*, No. 1:06 CV 999, 2006 WL 2990396, at *1 (M.D. Pa. Oct. 18, 2006); *AIM Nationallease v. Genuine Parts Co.*, 2012 WL 3127179 (W.D. Pa. July 31, 2012)

11.    Where the plaintiff seeks a declaration as to the right to coverage and benefits under an insurance policy, courts consider the policy limits at issue and the possible award resulting from the desired action in determining the amount in

controversy. *See, e.g., Carnathan v. Ohio Nat. Life Ins. Co.*, No. 1:06 CV 999, 2006 WL 2990396, at *2 (M.D. Pa. Oct. 18, 2006), citing *Hilley v. Massachusetts Mut. Life Ins. Co.,* 32 F.Supp.2d 195, 196 (E.D.Pa.1998) ("the full value of the contract, including any future payments that may possibly become payable to the insured, may be taken into account in computing the amount in controversy"), and *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d Cir.1987) ("In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration [under the insurance policy at issue] ..."); *Nationwide Mut. Ins. Co. v. Brown,* 387 F. Supp. 2d 497 (W.D. Pa. 2004); *Miller v. Liberty Mut. Group,* 97 F. Supp. 2d 672 (W.D. Pa. 2000).

12.    Here, the Complaint establishes that the amount in controversy exceeds $75,000.

13.    The Complaint alleges that The Charter Oak Fire Insurance Company issued an insurance policy that insured King's College ("Charter Oak Policy") and provides "general aggregate insurance limits of $5,000,000 (Five Million Dollars)." Complaint ¶4.

14.    The Complaint alleges that the coverage for property damage contained in Coverage A of the Charter Oak Policy is applicable, requiring defendant to defend and indemnify Plaintiffs in the Rittenhouse Action. *Id.* at ¶¶

18, 20. The each occurrence limit applicable to Coverage A is $1,000,000. Complaint, Ex. 1, Commercial General Liability Coverage Part Declarations, Form CG T0 01 11 03.

15.     Plaintiffs in the underlying Rittenhouse Action state federal Section 1983 and 1985 claims alleging an intentional conspiracy among the governmental and private defendants therein, including Plaintiffs King's College, Rev. O'Hara and Mr. McGonigle, to shut down a bar called The Mines located across the street from King's College in furtherance of an official policy and goal to prevent black and latino people from living or spending time in Wilkes-Barre and Luzerne County, all in derogation of the Rittenhouse plaintiffs' constitutional rights. Complaint at ¶ 6 and Ex. 4 at ¶ 63. The Rittenhouse plaintiffs allege a loss of investment of over $900,000 in the development of the nightclub and other developments impacted by the alleged actions of the Rittenhouse defendants for which the Rittenhouse plaintiffs seek damages. Complaint, Ex. 4 at ¶ 82. The Rittenhouse plaintiffs seek recovery of other damages including lost rent and loss of return on other investments. *Id.*, Ex. 4 at ¶¶ 185, 107.

16.     The Complaint seeks a judicial determination that Travelers is obligated to indemnify Plaintiffs for any judgment or settlement in the Rittenhouse action. Complaint at ¶ 26. Plaintiffs ask the Court to declare that "Travelers must

pay for the defense and indemnify King's in the [Rittenhouse] lawsuit under the subject policy of insurance." *Id.* at ¶ 26.

17.    Given that the Complaint seeks a judicial determination that Travelers is obligated to indemnify Plaintiffs for any judgment or settlement in the Rittenhouse action, Complaint at ¶ 26, that the each occurrence limit of the Charter Oak Policy is $1,000,000 and that the amount of the alleged losses for which the Rittenhouse plaintiffs seek recovery against Plaintiffs here well exceeds $75,000, the value of the alleged obligation to indemnify, and thus the amount in controversy, exceeds the jurisdictional limit. It cannot be said to a legal certainty that Plaintiffs cannot recover the jurisdictional amount of $75,000 in insurance benefits by virtue of the declaration requested.

18.    The Complaint also alleges that "[a]s a result of Travelers' improper denial of coverage, King's has been forced to hire counsel at its own expense" to defend against the Rittenhouse action and "will continue to incur legal fees and expenses both in defense of the underlying [Rittenhouse] lawsuit as well as in this Declaratory judgment action, claim for which is made herein." Complaint at ¶24.

19.    According to the Complaint, "Travelers has paid over $173,399.14 to defend this claim." Complaint at ¶ 23. Plaintiffs further allege that Travelers May

13, 2020 decision to disclaim coverage was "made in bad faith as it was not timely" and "was made in bad faith fueled by economic concerns." *Id.* at ¶¶ 22, 23.

20.    Plaintiffs request that the Court "seek reimbursement of King's "past and future costs and attorney fees incurred in both defending the [Rittenhouse] lawsuit as well as this declaratory judgment action." Complaint at ¶ 26. Plaintiffs specifically as the Court to "award King's past and future attorney fees, costs and reimbursement for payments of settlements/judgments incurred, or that may be incurred, in the [Rittenhouse] litigation as well as past and future attorney fees and costs incurred in this Declaratory judgment action, and interest any [sic] and any other relief allowed by law." Complaint, Wherefore clause. These additional amounts Plaintiffs seek to recover bolster the  amount in controversy as exceeding the jurisdictional limit.

21.    In sum, the amount in controversy requirement for diversity jurisdiction is satisfied.

## C.    <u>The exercise of jurisdiction over this matter is proper</u>

22.    The Complaint does not contain any counts but requests a declaration that the insurance policy at issue provides coverage for the allegations contained in the Rittenhouse Action requiring defendant to defend Plaintiffs as that action continues and indemnify against any judgment or settlement therein and, in

addition, award reimbursement of the fees and costs allegedly incurred in defending the Rittenhouse action and any judgments incurred as well as past and future attorney fees and costs incurred in this action.

23.     The Court's exercise of jurisdiction over this removed action seeking a declaration of rights under an insurance policy regarding an underlying action pending in this same court is proper under *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014). "The absence of a pending parallel state proceeding militates significantly in favor of exercising jurisdiction." *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274, 282 (3d Cir. 2017) citing *Reifer*, 751 F.3d at 144. There is no "pending parallel state proceeding." Rather, the underlying Rittenhouse Action is pending in this Court. Moreover, the Rittenhouse Action is not a parallel action at all as it involves liability claims against Plaintiffs whereas this action involves a question of coverage under an insurance contract. *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d at 287. All of the other factors outlined in *Reifer* either weigh in favor of the exercise of federal jurisdiction or are neutral.

## II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

24.     To properly remove a case from state court to federal court, the removing party must (a) file a notice of removal in federal court within 30 days of

service, and (b) file a notice of filing of notice of removal in state court.  28 U.S.C. § 1446(b) and (d).  Both conditions are met here.

25.    Travelers was served with Plaintiffs' Complaint on August 18, 2020. Accordingly, Defendant's Notice of Removal is timely if it is filed by September 17, 2020. See Fed.R.Civ.P. 6(a)(1).

26.    Because Travelers has filed this Notice of Removal within 30 days of service, removal is timely per 28 U.S.C. § 1446(b).

27.    A true and correct copy of all pleadings served upon Travelers in the state court action has been attached to this Notice of Removal as Exhibit 1 in accordance with 28 U.S.C. § 1446(a).

28.    As required by 28 U.S.C. § 1446(d), Travelers will file a Notice of Filing of Notice of Removal with the Court of Common Pleas of Luzerne County, Pennsylvania promptly after filing this Notice of Removal.

WHEREFORE, Defendant gives notice that the action pending in the Court of Common Pleas of Luzerne County, Pennsylvania is removed to this Court.

Dated:  September 11, 2020          Respectfully submitted,

                                    HOUSTON HARBAUGH, P.C.

                                    By: */s/        Alan S. Miller*
                                        Alan S. Miller, Esquire
                                        PA I.D. No. 36757
                                        milleras@hh-law.com
                                        Three Gateway Center
                                        401 Liberty Avenue, 22nd Floor
                                        Pittsburgh, PA  15222
                                        Telephone:  412.281.5060
                                        Facsimile:   412.281.4499
                                        *(Counsel for Defendant)*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the within ***NOTICE OF REMOVAL*** has been served on all counsel of record listed below by placing same in the U.S. mail, first class, postage prepaid, this 11th day of September, 2020:

Carl J. Guagliardo, Esquire
Selingo Guagliardo, LLC
345 Market Street
Kingston, PA 18704
*(Counsel for Plaintiffs)*

HOUSTON HARBAUGH, P.C.

By: /s/      *Alan S. Miller*
Alan S. Miller, Esquire