**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KING'S COLLEGE, *et al.*, : Civil No. 3:20-CV-01655
:
Plaintiffs, :
:
v. :
:
TRAVELER'S INSURANCE COMPANY, :
:
:
Defendant. : Judge Jennifer P. Wilson

**MEMORANDUM**

This is a declaratory judgment action in which Plaintiffs King's College, Thomas J. O'Hara ("O'Hara"), and Robert McGonigle ("McGonigle") seek a declaration that their insurer, Traveler's Insurance Company ("Traveler's"), is obligated to indemnify and defend them in connection with another lawsuit that is currently pending before this court. The present case was filed in the Luzerne County Court of Common Pleas but has been removed to this district under 28 U.S.C. § 1441. The case is presently before the court on Plaintiffs' motion to remand the case to Pennsylvania state court, which asks the court to exercise its discretion under the Declaratory Judgment Act and decline to exercise jurisdiction over this case. For the reasons that follow, Plaintiffs' motion to remand is denied.

## BACKGROUND AND PROCEDURAL HISTORY

The facts of this case arise from another lawsuit that is pending before this court, *Rittenhouse Entertainment, Inc. v. City of Wilkes-Barre*, No. 3:11-CV-00617 (M.D. Pa. filed Apr. 4, 2011). The plaintiffs in that case, a business owner and several businesses in which he is either the sole or principal owner, alleged that King's College, O'Hara, McGonigle, and numerous other defendants connected to either King's College, the City of Wilkes-Barre, or Luzerne County had engaged in a concerted effort to violate the plaintiffs' civil rights and committed various torts against the plaintiffs. *Id.* After several claims in the case were dismissed, United States District Judge A. Richard Caputo granted summary to the defendants as to all remaining federal claims and declined to exercise supplemental jurisdiction over the remaining state law claims. *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, No. 3:11-CV-00617, 2018 WL 3756711 (M.D. Pa. Aug. 8, 2018). The plaintiffs appealed, and the Third Circuit reversed in part, remanding the case back to this district with instructions to consider whether the remaining defendants are entitled to qualified immunity and whether they are entitled to summary judgment as to the plaintiffs' tortious interference with a contract claim. *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 782 F. App'x 148, 156 & nn.5–6 (3d Cir. 2019). Following remand, the case was reassigned to the undersigned, and after the parties

filed supplemental briefs, the court granted summary judgment in part and denied it in part. *Rittenhouse*, No. 3:11-CV-00617, Doc. 238 (M.D. Pa. May 6, 2021).

The dispute in the present case is whether an insurance policy ("the Policy") that Plaintiff King's College had with Traveler's obligates Traveler's to (a) cover Plaintiffs for any losses resulting from *Rittenhouse* and (b) defend Plaintiffs from any liability in *Rittenhouse*. (*See* Complaint, Doc. 2, pp. 2–11.) Coverage and defense were not initially in dispute between the parties, but on May 13, 2020, approximately nine months after the Third Circuit remanded *Rittenhouse*, Traveler's disclaimed its duty to either cover or defend Plaintiffs. (*Id.* ¶ 14, Doc. 2, p. 6.) Plaintiffs filed suit in the Luzerne County Court of Common Pleas, alleging that Traveler's decision to disclaim coverage and defense was improper and accordingly seeking a declaration that Traveler's was obligated to indemnify and defend Plaintiffs as to any claims in *Rittenhouse*. (*Id.* ¶ 26, Doc. 2, p. 10.)

On September 11, 2020, Traveler's removed the case to this district under 28 U.S.C. § 1441, asserting that the court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Doc. 1.) Traveler's then answered the complaint on September 28, 2020. (Doc. 8.)

Plaintiffs filed the instant motion to remand on October 6, 2020, along with a brief in support of the motion. (Docs. 9–10.) Plaintiffs concede that the court

has subject matter jurisdiction over the case, but argue that the court should exercise its discretion under the Declaratory Judgment Act and decline to exercise jurisdiction over the case. (*Id.*) Traveler's filed a brief in opposition to the motion on October 19, 2020. (Doc. 11.) No reply brief has been filed, and the time for doing so has expired. Accordingly, the motion to remand is ripe for the court's disposition.

**JURISDICTION**

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.

**DISCUSSION**

Under the Declaratory Judgment Act, a United States District Court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The jurisdiction conferred by the Declaratory Judgment Act is discretionary rather than compulsory. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). A district court therefore has "broad discretion to decline to hear actions arising under the Declaratory Judgment Act." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 225 (3d Cir. 2017) (citing *Brillhart*, 316 U.S. at 491).

Although a district court's discretion over whether to hear a declaratory judgment claim is broad, the discretion is not unlimited. *Reifer*, 751 F.3d at 140. The Declaratory Judgment Act gives courts "an opportunity to exercise a reasoned discretion" that is "bounded and reviewable." *Id.* (internal citations omitted).

When considering whether a declaratory judgment action should be heard, a district court should be guided by "considerations of practicality and wise judicial administration." *Id.* at 139 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). "The propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* (quoting *Wilton*, 515 U.S. at 287).

A court deciding whether to exercise jurisdiction in a declaratory judgment action should consider several factors, including:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;

> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* at 146.

Cases in which a party seeks declaratory relief in federal court when there is no parallel proceeding in state court sit on the "outer boundary" of a district court's discretion under the Declaratory Judgment Act. *Id.* at 137 (quoting *Wilton*, 515 U.S. at 290). The existence or non-existence of pending parallel state court proceedings is therefore a particularly important factor in determining whether a district court should exercise jurisdiction over a declaratory judgment action, and "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." *Id.* at 144. Although the absence of parallel proceedings does not by itself require a court to exercise jurisdiction, district courts "should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors" before they decline to exercise jurisdiction in such a situation. *Id.*

On the other hand, district courts should be "particularly reluctant" to exercise jurisdiction over a declaratory judgment action when "state law is

uncertain or undetermined." *Id.* at 148 (citing *Summy*, 234 F.3d at 135). District courts should give serious consideration to the fact that they are "limited to predicting" state law when faced with an uncertain question of state law. *Id.* (citing *Summy*, 234 F.3d at 135). This factor is particularly important in the insurance context. *Id.* (citing *Summy*, 234 F.3d at 135).

In this case, Plaintiffs argue that consideration of the factors laid out in *Reifer* leads to the conclusion that the case should be remanded to the Luzerne County Court of Common Pleas. (Doc. 10, pp. 6–9.) Plaintiffs acknowledge that there is no parallel proceeding in state court and that the absence of such a parallel proceeding weighs strongly in favor of the court exercising jurisdiction, but they argue that this factor is outweighed by the convenience to the parties of proceeding in state court, the public interest in the case being decided in state court, and the unsettled status of applicable state law. (*Id.*)

Plaintiffs argue that the Luzerne County Court of Common Pleas is the more convenient location because they are physically located in Luzerne County and because witnesses and parties to *Rittenhouse* are also located in that county, whereas the undersigned is located in Harrisburg. (*Id.* at 7.) Plaintiffs also argue that the public interest weighs in favor of remand because insurance coverage is purely a question of state law and there is no countervailing federal interest. (*Id.*) Finally, Plaintiffs argue that the state law applicable to their declaratory judgment

claim is unsettled because a key issue in the case is whether Traveler's should be estopped from disclaiming its coverage of Plaintiffs, and, Plaintiffs assert, Travelers is likely to argue that Plaintiffs must establish "actual prejudice" to establish estoppel. (*Id.* at 7–8.) The question of whether prejudice may be presumed in circumstances like this, Plaintiffs argue, is an unsettled question that was recently addressed by the Pennsylvania Superior Court in *Selective Way Ins. Co. v. MAK Servs., Inc.*, 232 A.3d 762 (Pa. Super. Ct. 2020).

Traveler's argues that the motion to remand should be denied because the other factors that the court should consider do not outweigh the fact that there is no parallel state court proceeding. (Doc. 11.) Contrary to Plaintiffs' argument, Traveler's argues that the convenience of the parties is neutral because there is little chance that the court will actually conduct any in-person proceedings in Harrisburg. (*Id.* at 7–8.) Traveler's further argues that Plaintiffs' public interest argument is misplaced because it is essentially just a restatement of their argument that uncertain questions of state law should be decided in state court. (*Id.* at 8–9.) Finally, Traveler's argues that the state law at issue is not uncertain and that the court simply needs to apply settled law to the facts of the case. (*Id.* at 11–16.)

Upon consideration of the factors laid out in *Reifer* and guided by considerations of "practicality and wise judicial administration," *Reifer*, 751 F.3d at 139, the court will deny Plaintiffs' motion to remand. This conclusion is guided

by several considerations. First, and most importantly, there is no parallel state proceeding, and the Third Circuit has stated that when there is no parallel state proceeding a district court operates on the "outer boundary" of its discretion and should only decline to exercise jurisdiction when other considerations outweigh the absence of a parallel state proceeding. *Id.* at 137, 144.

The other factors noted by the Third Circuit in *Reifer* do not outweigh the absence of a parallel state proceeding. This court will be able to resolve the "uncertainty of obligation" between the parties, so the first and third factors weigh in favor of the court exercising jurisdiction. There are no parallel proceedings in state or federal court that would cause concerns of comity, duplicative litigation, procedural fencing, or a conflict of interest by Traveler's, so the fifth, sixth, seventh, and eight factors weigh in favor of exercising jurisdiction.

The fourth factor, the availability and relative convenience of other remedies, also weighs in favor of exercising jurisdiction. Although state court litigation in the Luzerne County Court of Common Pleas is available as an alternative remedy, there is an advantage of relative convenience in litigating the suit in federal court because the underlying lawsuit, *Rittenhouse*, is also being litigated before this court. To the extent that knowledge of the facts and legal issues in *Rittenhouse* proves necessary to resolve the present case, this court is surely in the best position to exercise that knowledge.

The second factor, the convenience of the parties, weighs against the exercise of jurisdiction, because, as Plaintiffs note, they are physically located in Luzerne County, which is about 100 miles away from the court's location in Harrisburg. (*See* Doc. 10, p. 7.) This factor is afforded minimal weight, however, because there is a decent chance that no in-person proceedings will prove necessary given that (a) the court is asked to resolve a purely legal question of the proper interpretation of an insurance policy and (b) the court is able to conduct proceedings by remote means for the convenience of counsel and/or parties.

Finally, the court will address the purportedly unsettled status of applicable state law, which Plaintiffs assert is a compelling reason for the court to decline jurisdiction. (*See* Doc. 10, pp. 7–9.) Plaintiffs' argument that the applicable state law is uncertain is based on the Pennsylvania Superior Court's decision in *Selective Way*, 232 A.3d at 762. In that case, a snow and ice removal company, MAK Services, had a liability insurance policy with Selective Way Insurance Company that obligated Selective Way to defend MAK Services for certain legal claims. *Id.* at 764. During the period of coverage, a man slipped and fell in a parking lot for which MAK Services was responsible for snow and ice removal, and the man brought suit. *Id.* at 765. Selective Way appointed counsel to represent MAK Services in the lawsuit through a reservation of rights letter that purportedly reserved Selective Way's right to withdraw its defense of MAK

Services. *Id.* Selective Way then defended MAK Services for approximately eighteen months, at which point it brought a claim for declaratory relief in Pennsylvania state court seeking a declaration that it had no obligation to defend MAK Services because of an exclusion in the policy. *Id.* at 765–66. The trial court ruled in Selective Way's favor on the claim for declaratory relief, and MAK Services appealed to the Superior Court. *Id.* at 766.

On appeal, the Superior Court considered whether Selective Way should be estopped from disclaiming its defense of MAK Services given its lengthy defense prior to the declaratory judgment action. *Id.* at 769. In that context, the court noted that a 1929 Pennsylvania Supreme Court case, *Malley v. American Indemnity Corp.*, 146 A. 571, 573 (1929), "held that an insurance company was estopped from challenging coverage after it had mounted a full defense of its insured without undertaking an appropriate investigation beforehand." *Selective Way*, 232 A.3d at 769. The Superior Court noted that a critical aspect of the *Malley* court's analysis "was whether the insurance company's belated assertion of a policy exclusion could disadvantage the insured in the underlying litigation." *Id.* The court then cited a line of cases following *Malley* that "focused upon the prejudice that may result from a delayed investigation and a consequently tardy assertion of non-coverage." *Id.* The court noted that a recent Superior Court decision "distilled *Malley* and its progeny for the proposition that 'where an insurer fails to clearly

communicate a reservation of rights to an insured, prejudice may be fairly presumed.'" *Id.* (citing *Erie Ins. Exchange v. Lobenthal*, 114 A.3d 832, 839 (Pa. Super. Ct. 2015)). Applying that line of cases to the facts before it, the Superior Court concluded that prejudice to MAK Services could be presumed given the circumstances of the case. *Id.* at 771.

Thus, contrary to Plaintiffs' argument, *Selective Way* does not indicate that the state law at issue in the present case is uncertain. Plaintiffs suggest that there is uncertainty as to the circumstances when prejudice may be presumed, but there is well established case law on that issue going back as far as the Pennsylvania Supreme Court's *Malley* decision in 1929. The Superior Court's decisions in *Selective Way* and *Lobenthal* did not break any new ground in this line of cases, they simply "distilled *Malley* and its progeny" for the proposition that prejudice may be presumed "where an insurer fails to clearly communicate a reservation of rights to an insured." *Id.* at 769 (quoting *Lobenthal*, 114 A.3d at 839). Therefore, to the extent that there is any uncertainty, it is only as to whether prejudice may be presumed under the facts of this case, but federal courts and state courts are "equally capable of applying settled state law to a difficult set of facts." *Reifer*, 751 F.3d at 147. This factor accordingly does not support remand.

In sum, the lack of a parallel state court proceeding weighs heavily in favor of the court exercising jurisdiction over this case, and all but one of the other

factors identified by the Third Circuit in *Reifer* also support the exercise of jurisdiction. The one factor that weighs against the exercise of jurisdiction, the convenience of the parties, does not outweigh the other factors. The court will accordingly exercise its jurisdiction over this case and deny Plaintiffs' motion to remand.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 9) is **DENIED**. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 7, 2021